Filed 1/30/23 P. v. Sanchez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C094738 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR002261) |
| v. | |
| JAVIER MENDOZA SANCHEZ, | |
| Defendant and Appellant. | |

Defendant Javier Mendoza Sanchez appeals from his convictions for sex offenses. Based on the recently enacted Penal Code section 1016.7,[1] effective January 1, 2022, defendant requests that we remand the case to the trial court to allow him to seek relief under the new statute. We conclude defendant is not entitled to relief and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was married to a family member of the victim and was considered the victim's uncle. He regularly cared for the victim at his home so she could participate in

---

[1] Undesignated statutory references are to the Penal Code.

1

online schooling. In September 2020, the victim told police officers that defendant had sexually abused her multiple times during these childcare sessions. Defendant digitally penetrated the victim, orally copulated her, had her orally copulate him, and had intercourse with her. During one incident, he choked her. There was evidence the victim was suffering from a sexually transmitted disease. The most recent incident happened the day before the interview. When police confronted the defendant about the allegations, he "calmly" said, "ok" with a "defeated demeanor." Defendant was 29 years old at the time of the abuse.

Defendant was charged with continuous sexual assault of a child under the age of 14 (§ 288.5, subd. (a)—count I); sexual intercourse or sodomy with a child 10 years old or younger (§ 288.7, subd. (a)—count II); oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b)—count III); and sexual penetration of an incompetent person. (§ 289, subd. (b)—count IV.)

In July 2021, defendant pleaded no contest to counts I and IV, as well as to an added charge of forcible lewd act on a child (§ 288, subd. (b)—count V), in exchange for a stipulated aggregate sentence of 29 years. The remaining allegations were dismissed. Defendant signed a plea agreement stating that he and his attorney discussed the facts of the case, his potential defenses, waiver of rights, the consequences of the plea, and "[a]nything else" he believed was important to the plea agreement. In August 2021, the trial court sentenced defendant to 29 years, as follows: the upper term of 16 years for count I, the low term of three years consecutive for count IV, and the upper term of 10 years consecutive for count V.

Defendant did not request a certificate of probable cause on appeal.

2

## DISCUSSION

### I

#### A.  *Legal background*

While defendant's appeal was pending, the Legislature enacted Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill 124) (Stats. 2021, ch. 695, §§ 4, 5) and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) (Stats. 2021, ch. 731, § 1.3).  Both laws became effective January 1, 2022, and amended our determinate sentencing law to make the middle term the presumptive sentence unless certain circumstances exist. (§ 1170, subd. (b); *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.)  In addition, the low term is now the presumed sentence if defendant has experienced trauma, such as abuse; when a defendant is under the age of 26 years at the time of offense; or if the defendant was a victim of intimate partner violence or human trafficking.  (§ 1170, subd. (b)(6).)

Assembly Bill 124 also added section 1016.7, which, "[i]n the interest of justice, and in order to reach a just resolution during plea negotiations," requires the prosecutor to "consider during plea negotiations, among other factors, the following circumstances as factors in support of a mitigated sentence if any of the following were a contributing factor in the commission of the alleged offense:" (1) if defendant experienced trauma, including abuse; (2) if defendant was younger than 26 years old at the time of the offense;[2] and (3) if, prior to or during the commission of the offense, the defendant was a victim of intimate partner violence or human trafficking.  (§ 1016.7, subds. (a), (b).)

---

**2**     Defendant acknowledges that he was over age 26 at the time of the crimes, and he does not argue that the prosecutor would be required to consider his age during plea negotiations.

3

B.    *Defendant's claims and analysis*

Citing *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and *In re Estrada* (1965) 63 Cal.2d 740, defendant argues the new section 1016.7, subdivision (a) (hereafter section 1016.7) is an ameliorative change that makes lighter punishment *possible* and therefore applies retroactively to his case, which is not yet final for purposes of *Estrada*. Defendant notes the record is silent as to whether the prosecutor considered the new factors during plea negotiations.[3]  In addition, defendant argues the plea agreement only stated that he discussed with his attorney the facts of the case, potential defenses, the waiver of rights, the consequences of the plea, and " 'anything else' " he believed was important to the plea agreement.  As such, defendant argues the record is silent as to whether he even discussed with his attorney whether " 'psychological, physical, or childhood trauma, including, but not limited to abuse, neglect, exploitation, or sexual violence' contributed to the commission of the charged offenses. (§ 1016.7, subd. (a)(1).)"  Defendant asks us to remand the matter to give him "the opportunity to decide whether to seek relief under newly enacted section 1016.7."

The People respond that defendant is trying to renegotiate his plea deal and that his appeal must be dismissed because he did not obtain a certificate of probable cause, which is required under section 1237.5[4] where a defendant challenges the validity of his

---

[3]    Notably, section 1016.7 does not require the prosecutor to verify on the record that he or she considered one or more of the factors articulated in the statute.

[4]    Section 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

4

plea on appeal. (*Stamps, supra*, 9 Cal.5th at p. 694 [ordinarily, a defendant who challenges a stipulated sentence is challenging the validity of the plea itself and must have a certificate of probable cause on appeal].) Citing *Stamps*, defendant argues a certificate of probable cause is not required here because he is seeking retroactive application of a newly enacted ameliorative law. (*Id*. at p. 696-698 [a defendant does not attack the validity of his plea and does not need a certificate of probable cause when he argues on appeal that he is entitled to retroactive application of a subsequently enacted ameliorative law].)

We will address the merits of defendant's claims.

Ordinarily, provisions in the Penal Code are not retroactive where, as here, the statute is silent regarding the issue. (§ 3; *Stamps, supra*, 9 Cal.5th at pp. 698-699.) However, in *Estrada*, our Supreme Court held that a statute that "reduced the punishment for a crime applied retroactively to any case in which the judgment was not final before the statute took effect." (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303 (*Lara*).) The holding in *Estrada* rests on the premise that " '[a] legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law.' " (*In re Estrada, supra*, 63 Cal.2d at p. 745.)

Courts have applied the *Estrada* rule to statutes governing penalty enhancements, substantive offenses, and "statutes that merely made a reduced punishment *possible*." (*People v. Frahs* (2020) 9 Cal.5th 618, 629.) For example, in *Lara*, our Supreme Court determined that the *Estrada* rule applies to Proposition 57 (as approved by voters, Gen. Elec. (Nov. 8, 2016)), which prohibits prosecutors from directly filing charges against a minor in "adult" criminal court and gives juvenile courts the sole discretion to determine, after conducting a transfer hearing, whether a minor can be tried and sentenced as an adult. (*Lara, supra*, 4 Cal.5th at p. 303.) Although Proposition 57 does not mitigate punishment for a particular crime, *Estrada* was found to apply because it "reduces the

5

possible punishment for a class of persons, namely juveniles." (*Lara*, at p. 303.) The *Lara* court noted that, unlike adult court, the goal of juvenile court is rehabilitation, which "can result in dramatically different and more lenient treatment." (*Ibid*.)

Similarly, in *Frahs*, our Supreme Court applied the *Estrada* rule to section 1001.36, which allows trial courts to offer mental health diversion to criminal defendants who suffer from a qualifying mental disorder. (*People v. Frahs, supra*, 9 Cal.5th at p. 631.) The *Frahs* court noted that, compared to being tried and sentenced, mental health diversion " 'can result in dramatically different and more lenient treatment,' " especially since the trial court is required to dismiss the criminal charges for those who successfully complete diversion. (*Ibid*.)

Our Supreme Court also held in *Stamps* that the *Estrada* rule applied to Senate Bill No. 1393 (2017-2018 Reg. Sess.), which eliminated the prior restriction on a court's ability to strike a serious felony enhancement in the furtherance of justice. (*Stamps, supra*, 9 Cal.5th at p. 699; see also *People v. Contreraz* (2020) 53 Cal.App.5th 965, 967, 969 [concluding the defendant was entitled to retroactive relief under Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended section 12022.5 to remove the prior restriction on a court's ability to strike a firearm enhancement in the interest of justice].)

However, unlike *Frahs*, *Lara*, and *Stamps*, section 1016.7 does not offer "dramatically different and more lenient treatment" for defendants engaging in plea bargaining. It does not alter the substantive requirements for conviction, nor does it alter the penalty for any crime, affect the sentencing triad, give the trial court new power to strike an enhancement, or affect the substantive burden on the prosecution in a given case. The procedural statute also does not offer an alternative to adult court or divert a defendant into a system with different rehabilitative goals, such as the juvenile justice system. In short, it does not render any of the terms of defendant's plea bargain invalid.

Instead, section 1016.7 merely requires prosecutors engaged in plea bargaining to *consider*, among other factors, the defendant's youth, or whether prior trauma contributed

6

to the commission of the charged offenses. Defendant points to no law suggesting that prosecutors were previously prohibited from taking such factors into consideration when striking a plea bargain. As courts have explained, prosecutors have historically had "broad latitude in taking into account whatever mitigating factors the defense might wish to advocate in plea bargain negotiations." (*People v. Brooks* (2020) 58 Cal.App.5th 1099, 1108; see also Cal. Rules of Court, rule 4.423(c) [broadly defining potentially mitigating circumstances with respect to sentencing, including "[a]ny other factors . . . that reasonably relate to the defendant or the circumstances under which the crime was committed"].) Nothing prevented defendant from arguing during plea negotiations in 2021 that he was entitled to a lesser sentence because prior trauma contributed to the commission of the charged offenses. We do not doubt that the prosecutor would have listened to such a claim, given that public officials must discharge their duties in good faith. (*Brooks, supra*, at p. 1108.)

We are aware that courts have applied *Estrada* retroactivity to the changes to section 1170 that also were enacted as a result of Assembly Bill 124 and Senate Bill 567 (the same set of bills that enacted section 1016.7). (See, e.g., *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109; *People v. Flores, supra*, 73 Cal.App.5th at p. 1039.) As courts have explained, the changes to section 1170 are ameliorative because they potentially lessen punishment for those defendants who were sentenced to the upper term for an offense, given that section 1170 now favors imposition of the low or middle term. (*Zabelle, supra*, at p. 1109.)

Here, in contrast, defendant seeks only the retroactive benefit of section 1016.7. Unlike revised section 1170, which limits the trial court's sentencing discretion, section 1016.7 only requires that prosecutors consider prior trauma, among other factors, during plea negotiations, with no explicit mechanism to enforce this requirement. Defendant cites no authority that requires us to apply *Estrada* to *all* of the changes that came about as a result of Assembly Bill 124 and Senate Bill 567, especially where the provision at

issue does not, in effect, offer different or more lenient treatment for defendants given that prosecutors already had discretion to consider the factors listed in section 1016.7 during negotiations.  In sum, we find no merit in defendant's contentions that this procedural law is ameliorative within the meaning of *Estrada* and its progeny.

DISPOSITION

The judgment is affirmed.


      KRAUSE      , J.


We concur:


      ROBIE      , Acting P. J.


      HULL      , J.